## First National Bank of Palmerton v. Nagley

*Raymond F. Smith, Jr.*, and *Anthony Roberti*, for plaintiff.

*Leighton Cohen*, of *Foote and Greisamer*, for defendant.

LAVELLE, *P.J.*, August 11, 1978—This mortgage foreclosure action was tried by the court sitting without a jury. The only serious defense is plaintiff's alleged failure to comply with the provisions of the Act of January 30, 1974, P.L. 13, sec. 403 et seq., 41 P.S. §403 et seq.

### FACTUAL BACKGROUND

Defendants are owners of certain real property encumbered by mortgages executed by defendants in favor of plaintiff. The first mortgage, in the principal amount of $31,200, dated January 8, 1975,

covers the personal residence owned by defendant Ronald K. Nagley. The second mortgage, in the principal amount of $80,000, dated April 8, 1976, covers the personal residence owned by defendant Ronald K. Nagley, as well as a commercial property known as the Covered Bridge Inn, and owned by defendant Covered Bridge Inn, Inc.[1] On July 14, 1977, plaintiff sent a notice of intention to foreclose to defendant by certified mail. Defendant cured the default alleged in the notice on August 2, 1977. On November 1, 1977, plaintiff filed a complaint in mortgage foreclosure based upon the notice of July 14, 1977. Plaintiff seeks to recover $32,711 on the first mortgage, and $90,002.08 on the second, which includes a ten percent attorney's fee, and interest to October 26, 1977.

Defendants have filed a counterclaim in an amount in excess of $10,000 alleging plaintiff in bad faith refused to grant a release of defendants' personal residence from the lien of the second mortgage, after a buyer had been secured, thereby forcing the corporation into bankruptcy.

---

1. On November 30, 1977, Covered Bridge Inn, Inc. filed a petition under the Bankruptcy Act in the United States District Court for the Middle District of Pennsylvania to No. BK-77-1226. Section 11(a) of the Bankruptcy Act of July 1, 1898, 30 Stat. 549, as amended, 11 U.S.C.A. §29(a), provides that a suit which is founded on a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until adjudication or dismissal of the bankruptcy proceedings. It appears to the court, therefore, that any further proceedings as to the premises owned by defendant Covered Bridge Inn, Inc. must be stayed pending further order of the Bankruptcy Court.

## DISCUSSION

Pursuant to section 403 of the Act of January 30, 1974, P.L. 13, 41 P.S. §403, a 30-day notice of intention to foreclose must precede any foreclosure action on a "residential mortgage." Section 101 of the act, 41 P.S. §101, defines "residential mortgage" as "an obligation to pay a sum of money in an orginal bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real property . . . containing two or fewer residential units. . . . " Section 404(c) of the act provides that the effect of a cure of a default is to restore "the residential mortgage debtor to the same position as if the default had not occurred." On the basis of these sections it is clear that a new notice of intention to foreclose would have to be sent to pursue this action, since the July 14, 1977, notice was cured on August 2, 1977.

The first mortgage, which is secured by a lien on a residential property in an amount less than $50,000, clearly falls within the purview of the statute, thus requiring a new notice of intention to foreclose prior to any such proceeding. The second mortgage in the principal amount of $80,000, even though it is secured on a personal residence as well as the Covered Bridge Inn, clearly cannot be considered a "residential mortgage" and, therefore, no notice of intention to foreclose is required: Cumberland County National Bank and Trust Co. v. Wells, 26 Cumberland 46 (1975).

No additional evidence was presented to support defendants' counterclaim. The court is not of the opinion that plaintiff acted in bad faith or breached any duty to defendants in refusing to release the

mortgage on the personal residence, which would have left insufficient collateral for the remaining mortgage on the Covered Bridge Inn.

On the basis of the findings hereinabove set forth, we enter the following

## VERDICT

Now, August 11, 1978, judgment is hereby entered in favor of plaintiff and against defendants Ronald K. Nagley and Covered Bridge Inn, Inc. on the mortgage dated April 6, 1976 (on Count Two of plaintiff's complaint) in the sum of $90,002.08, together with interest from October 26, 1977, and record costs.

The action on the mortgage dated January 8, 1975 (Count One of plaintiff's complaint) is hereby dismissed for failure to comply with the notice requirement set forth in section 403 of the Act of January 30, 1974, P.L. 13, 41 P.S. §403 et seq.

Judgment is entered for plaintiff and against defendants on defendants' counterclaim.